MYRTLE W. BRODERSON, PLAINTIFF, v. THE UNITED
STATES FIRE INSURANCE COMPANY ET AL., DEFEND-
ANTS.

MARGARET LARSON AND MYRTLE W. BRODERSON, PLAIN-
TIFFS, v. FIREMEN'S INSURANCE COMPANY, DEFEND-
ANT.

Submitted May 25, 1934—Decided October 5, 1934.

For the plaintiff-appellant Myrtle W. Broderson, *Edward
H. Backes.*

For the plaintiff-appellant Margaret Larson, *Levine &
Gaulkin (Edward Gaulkin).*

For the defendants-respondents, *Lum, Tamblyn & Colyer
(Ralph E. Lum).*

The opinion of the court was delivered by

BODINE, J.   The plaintiffs appeal from judgments of non-
suit.   The court granted the motion on the ground that the
plaintiff Myrtle W. Broderson had failed to give satisfactory

answers to two questions asked her upon examination under the provisions of the policies in suit. The plaintiff had acquired by a trade the property, the subject of the fire loss. The house was a large wooden structure built a number of years ago for dwelling purposes. A purchase-money mortgage was placed upon the property and also a second mortgage to secure a real estate agent who had earned commissions on a number of sales. The insurance exceeded the amount of the two mortgages.

The policies provided: "The insured, as often as required, shall exhibit to any person designated by this company all that remains of any property herein described, and *submit to examinations under oath by any person* named by this company, and subscribe the same; *and as often as required, shall produce for examination all books of account, bills, invoices, and other vouchers, or certified copies thereof,* if originals be lost, at such reasonable place as may be designated by this company or its representative, and shall permit extracts and copies thereof to be made."

The examination to which the plaintiff submitted was pursuant to the contract. The plaintiff was unable to state how much of her money had gone into the Duffield drive property exchanged for the house burned or to give a description of the properties for the sale of which the real estate broker was entitled to commissions. It is conceded that the assured need only answer material questions and produce such evidence as she had.

The policies insured the plaintiff against loss by fire. Although the cost of property may sometimes be evidential of value it is not conclusive. If we assume that the property, the subject of the loss, had been given to the insured that fact would not bar recovery under the policies for a *bona fide* loss. Similarly, if the property given in trade had been so acquired. The amount paid for the property was not essential to a determination of defendants' obligations. The material issue was the plaintiff's loss. The property having been but recently acquired, the cost, of course, would have been some evidence of value. There is nothing to indicate that

the plaintiff could have furnished the information requested. She kept no books or records. It seems to us that she had little or no real knowledge of the trading and building operations carried on in her name by her husband. Such circumstances does not bar recovery for loss sustained, even if, as before suggested, the burned property had been acquired as a gift.

There is nothing to show that the plaintiff had in her possession any documents not produced relating to the second mortgage, or that she had any more definite knowledge respecting the same than she gave. The mere circumstances that subsequently she obtained a list of the properties upon which commissions were earned should not defeat her recovery against the defendants upon their contractual obligations.

Since the case must be retried it is unnecessary to determine whether the defendant Franklin Fire Insurance Company demanded an examination. That is a fact question which can be settled by proof.

The judgments are reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Trenchard, Parker, Lloyd, Case, Bodine, Donges, Heher, Perskie, Van Buskirk, Kays, Hetfield, Dear, Wells, JJ. 15.